## BARNSDALL OIL CO. et al. v. WILLIS et al.

### No. 11265.

Circuit Court of Appeals, Fifth Circuit.

Feb. 20, 1946.

For former opinion, see 152 F.2d 824.

Richard L. Arnold, of Texarkana, Ark., and Foster V. Phipps, of Tulsa, Okl., for appellants.

Elmer L. Lincoln and J. I. Wheeler, both of Texarkana, Tex., and Frank S. Quinn and Herbert M. Barney, both of Texarkana, Ark., for appellees.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

Regardless of what may have been said in the opinion reversing and remanding this cause for a new trial as to what the facts were or what the evidence tended to show, it is the purpose of this Court to leave the lower Court free in finding the facts on a new trial as to whether or not Willis obtained confidential information by virtue of his relation as a lease broker for the Plaintiffs, or either of them, and whether or not he took advantage of such confidential information, if any was so obtained, and used it to his own advantage and to the detriment of the Plaintiffs.

The lower Court seems to have measured Willis's responsibility on the theory that Willis never had any contractual relation with Wadley or the Barnsdall Oil Company or the Standard Oil Company of Ohio to act for them, or either of them, as their agent in procuring leases. This assumption by the lower Court was contrary to the admitted facts.

Even if the retention of an over-riding royalty by Wadley under his contract with, and transfer to, the Barnsdall Oil Company and the Standard Oil Company is not sufficient to allow the joining of Wadley as a plaintiff in this cause; and even if, throughout, he was only acting as an agent of said Plaintiff corporations; or even, if Wadley and these corporations were joint adventurers—which are matters which the lower Court may determine on a retrial—the duty of Willis would be unchanged in either event, if he obtained confidential information by virtue of his employment from Wadley as an agent for, or from Wadley as a partner of, or from Wadley as a joint adventurer with, the two corporate Plaintiffs.

There is testimony by several witnesses, some of whom were disinterested, that Willis stated to them that he was acquiring leases for the Barnsdall Oil Company. If this evidence is true, Willis's duty would remain unchanged, but the question of whether Wadley was owner, or joint adventurer, or merely an agent would bear only on the question as to which Plaintiff, if any, should have judgment.

In the event a recovery is decreed against the Defendant, the lower Court on a new trial can determine in whose favor such recovery should be had.

The petition for rehearing is denied.